UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

JESNEL BUTLER,

Defendant.

18-CR-834 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

Defendant Jesnel Butler has moved for his compassionate release from Federal Correctional Institution ("FCI") Fort Dix pursuant to 18 U.S.C. § 3582(c), in light of the risk that the COVID-19 pandemic presents for inmates. *See* Dkt. 509 ("Def. Mtn."); Dkt. 510 ("Def. Mem."); *see also* Dkt. 513 ("Def. Supp. Mem."). The Government opposes this request. Dkt. 515 ("Gov't Mem."). For the reasons that follow, Butler's motion is denied.

Butler was a member of the Nine Trey Gangsta Bloods ("Nine Trey"). Dkt. 248 ("Sent. Tr.") at 6; Gov't Mem. at 1. He was a participant in at least three acts of violence, including a daytime armed robbery in Times Square on April 3, 2018, for which he served as a getaway driver. Gov't Mem. at 1; *see* Sent. Tr. at 8, 16–17. On April 2, 2019, Butler pled guilty to one count of using, carrying, and possessing a firearm in furtherance of a crime of violence. *See* Dkt. 169 ("Plea Tr."); Gov't Mem. at 1. On July 18, 2019, the Court sentenced Butler to 60 months' imprisonment to be followed by three years' supervised release. *See* Sent. Tr. at 25; Gov't Mem. at 1. Butler has been incarcerated for fewer than 20 months of his 60-month sentence. *See* Gov't Mem. at 1.

On April 8, 2020, Butler filed a request for compassionate release with the warden of FCI Fort Dix. *See* Def. Mem., Ex. 1. According to the Government, this request was rejected because "Butler's medical conditions were stable and controlled by medications as needed." *See* Gov't Mem. at 2. On July 1, 2020, the Court received a motion from Butler's counsel, seeking early release in light of the COVID-19 pandemic. *See* Def. Mem. On July 3, 2020, Butler's counsel filed a supplemental memorandum that included Butler's recently obtained medical records. *See* Def. Supp. Mem. On July 7, 2020, the Government filed its opposition to Butler's request. *See* Gov't Mem.

Butler, who is age 38, asks the Court to convert his remaining period of incarceration to a term of home confinement, on account of the risk COVID-19 poses to him. *See* Def. Mem. at 1. Specifically, he alleges that he suffers from asthma, seizures, prediabetes, and obesity. *Id.*; Def. Supp. Mem. at 1. The Government opposes Butler's early release. It argues that Butler's motion should be denied because a reduction in his sentence is not supported under the § 3553(a) factors. *See* Gov't Mem. at 5–6.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v.*

*Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (citing 28 U.S.C. § 994(t)).  Relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[1]  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The defendant must also not be a danger to the community and the reduction must be consistent with the Commission's policy statement.  *Id.* § 1B1.13(2)–(3).

The first of these factors favors, to a degree, Butler's early release.  The COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation.  It presents a clear and present danger to free society for reasons that need no elaboration.  The crowded nature of federal detention centers presents an outsize risk that the COVID-19 contagion, once it gains entry, will spread.[2]  And, realistically, a high-risk inmate who contracts the virus while in prison will face challenges in caring for himself.  For these reasons, in the past months, numerous courts, including this one, have ordered the temporary release of inmates held in pretrial or

---

[1] U.S.S.G. § 1B1.13(1)(A) references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts.  *See Ebbers*, 432 F. Supp. 3d at 422–23, 427.

[2] *See* Timothy Williams, et al., *'Jails Are Petri Dishes': Inmates Freed as the Virus Spreads Behind Bars*, N.Y. Times (Mar. 30, 2020, updated May 20, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html; *see also United States v. Nkanga*, --- F. Supp. 3d ---, No. 18 Cr. 713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020) (citing *Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control and Prevention 2 (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf) (highlighting danger faced by those in jails and prisons).

presentencing custody[3] and, in more limited instances, the compassionate release of high-risk inmates serving federal sentences.[4]

Among other conditions, the Centers for Disease Control ("CDC") warns that persons with obesity[5]—defined as a body mass index ("BMI") of 30 or higher—have an elevated risk of serious illness if they contract the disease. Butler has a BMI of 33.6. *See* Def. Supp. Mem. at 1–2. Butler has also been diagnosed with mild asthma. *Id.* The Government agrees that "the defendant's weight and asthma may place him at a heightened risk of severe illness should he contract COVID-19," Gov't Mem. at 1, while noting that Butler is relatively young, and FCI Fort

---

[3] *See, e.g.*, *United States v. Chandler*, --- F. Supp. 3d ---, No. 19 Cr. 867 (PAC), 2020 WL 1528120, at *1–3 (S.D.N.Y. Mar. 31, 2020) (granting bail application, pursuant to 18 U.S.C. § 3142(i), of defendant charged with being a felon in possession of a firearm); *United States v. McKenzie*, --- F. Supp. 3d ---, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *2–3 (S.D.N.Y. Mar. 30, 2020) (granting bond pending sentencing, pursuant to 18 U.S.C. § 3145(c), to defendant who had pleaded guilty to single count of assault with a deadly weapon and had previously been released on bond); *United States v. Witter*, No. 19 Cr. 568 (SHS), Dkt. 40 at 2–3 (S.D.N.Y. Mar. 26, 2020) (granting bond pending sentencing, pursuant to § 3145(c), to defendant who had pleaded to a narcotics offense); *cf. United States v. Stephens*, --- F. Supp. 3d ---, No. 15 Cr. 95, 2020 WL 1295155 (AJN), at *3 (S.D.N.Y. Mar. 19, 2020) (granting defendant's request for reconsideration of bail conditions and releasing him to home confinement, while noting that, in the alternative, § 3142(i) would necessitate his temporary release).

[4] *See, e.g.*, *United States v. Davies*, No. 18 Cr. 390 (PAE), Dkt. 479 at 4–7 (S.D.N.Y. June 26, 2020) (ordering compassionate release of elderly defendant, who had serious medical conditions and played low-level role in drug trafficking conspiracy); *United States v. Brown*, No. 18 Cr. 390 (PAE), Dkt. 472 at 4–7 (S.D.N.Y. June 17, 2020) (same); *United States v. Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 at 2–4 (S.D.N.Y. Apr. 6, 2020) (ordering compassionate release of defendant with an immune-inflammatory disease who had served all but 34 days of a four-month sentence); *United States v. Hernandez*, --- F. Supp. 3d ---, No. 18 Cr. 834 (PAE), 2020 WL 1684062, at *3 (S.D.N.Y. Apr. 2, 2020) (ordering compassionate release of defendant with asthma who had served 17 months of a 24-month sentence, was scheduled for release in four months, and was not a danger to the public).

[5] *See People of Any Age with Underlying Medical Conditions*, Ctrs. for Disease Control and Prevention (Mar. 17, 2020, updated June 25, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

Dix currently has no active cases of COVID-19, *see id.* at 6. The Court assumes *arguendo* that Butler is a higher-risk inmate and that this factor favors his release. Nevertheless, a reduction in his sentence is not supported by the other factors set forth by the Sentencing Commission.

The second factor—danger to the community—disfavors Butler's early release. As discussed by the Court in detail at Butler's sentencing, Sent. Tr. at 15–21, which the Court incorporates here by reference, Butler "commit[ed] or aid[ed] and abet[ed] crimes that endanger[ed] people." *Id.* at 20. "For no good reason, three times [Butler] joined others in connection with . . . robberies or violence." *Id*. Although Butler's criminal record did not reflect any prior violence, his conduct in connection with Nine Trey gravely jeopardized public safety. As the Court put the point at sentencing, Butler was "fortunate that no one was killed" due to his reckless behavior as a member of Nine Trey. *Id.* at 17. The Court is therefore unpersuaded that Butler, if released, would not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). As in other cases in which the Court has denied § 3582(c) applications on this ground, including applications bought by several of Butler's Nine Trey co-defendants, this alone justifies the denial of Butler's bid for release. *See, e.g.*, *United States v. Jordan*, No. 18 Cr. 834 (PAE), 2020 WL 3839629 (S.D.N.Y. July 8, 2020); *United States v. Martin*, No. 18 Cr. 834 (PAE), 2020 WL 1819961 (S.D.N.Y. Apr. 10, 2020); *United States v. Denard Butler*, No. 18 Cr. 834 (PAE), 2020 WL 1689778 (S.D.N.Y. Apr. 7, 2020).

Independently, the third factor—an analysis of how the § 3553(a) factors currently apply—also counsels against Butler's release at this time, with Butler only having served approximately one-third of the sentence the Court earlier found the § 3553(a) factors to require. To be sure, one § 3553(a) factor today weighs more heavily in favor of release than at the time of sentencing: "the need to provide the defendant with needed . . . medical care." 18 U.S.C.

5

§ 3553(a). But the Court cannot find that a sentence reduction on the order Butler seeks would result in a sentence commensurate with "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . [and] to afford adequate deterrence to criminal conduct." *See* 18 U.S.C. § 3553(a). As discussed above and at sentencing, Butler's conduct as a member of Nine Trey was serious and dangerous, leading the Court to find a 60-month sentence the minimum necessary to satisfy § 3553(a). *Id.* at 25. In addition to specific deterrence and the protection of the public, the Court noted at sentencing that such a sentence was necessary to further general deterrence. As the Court explained,

> gang violence in this city and country [is an] epidemic. . . . It's important that the sentences imposed in these cases, taken as a whole, get a message across to other people who might be considering . . . running with a gang, being present at retaliatory events like the one that [Butler] [is] alleged to have participated in . . . . It's important that the sentences imposed in these cases be strong enough and long enough to deter people from making those sorts of decision[s].

*Id.* at 18. That assessment remains apt. The advent of the COVID-19 pandemic does not change the Court's determination that a term of 60 months' imprisonment is the just and reasonable sentence.[6]

---

[6] The small fraction that Butler has served of his sentence distinguishes him from several defendants with medical ailments whose compassionate release the Court has granted in recent months in recognition of the changed circumstances presented by COVID-19. These defendants had served a greater proportion of their sentences, such that the Court found the sentence resulting from a grant of compassionate release consistent with the § 3553(a) factors. *See, e.g.*, *United States v. Knox*, No. 15 Cr. 445 (PAE), Dkt. 1088 (S.D.N.Y. Apr. 10, 2020) (ordering compassionate release of defendant who had served all but seven months of an 88-month sentence); *Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 (ordering compassionate release of defendant who had served all but 34 days of a four-month sentence); *Hernandez*, 2020 WL 1684062, at *3 (ordering compassionate release of a defendant who had served 17 months of a 24-month sentence and was scheduled for release in four months).

Accordingly, finding that Butler continues to pose a danger to the public and that the § 3553(a) factors considered in combination do not support a reduction of sentence, the Court denies Butler's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). This is without prejudice to Butler's ability to seek compassionate release later in his prison term.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: July 15, 2020
New York, New York